T. C. BOTTOM, Appellant, v. THOMAS F. CROAL, Respondent.

**Kansas City Court of Appeals, June 3, 1901.**

1. **Trial Practice:** CONTRACT: EVIDENCE: INSTRUCTION. On the trial of an action for failure to deliver a carload of potatoes, it was admitted that by subsequent agreement the potatoes had been shipped to a third party who was to dispose of the same to indemnify the plaintiff for certain losses growing out of the original contract. *Held*, the court rightly instructed a finding for the defendant .

2. ———: ACCORD AND SATISFACTION: REMARKS OF JUDGE. On the trial it was agreed that certain losses for failure to deliver a carload of potatoes had been adjusted, and when reference was made to such shipment the judge would remark that that matter had been adjusted. *Held*, the remarks were strictly in the line of his duty and he was to be commended therefor and not criticised.

3. ———: ———: EVIDENCE: INSTRUCTIONS. The action of the court in admitting evidence and giving instructions, where the real issue was accord and satisfaction, is examined and approved.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*A. F. Evans* for appellant.

(1) The statements made by the court in the presence and hearing of the jury, during the trial of the cause, defining

the issues in the cause, were, in effect, oral instructions, prejudicial to the plaintiff and reversible error. Wright v. Richmond, 21 Mo. App. 76; City of Cape Girardeau v. Fisher, 61 Mo. App. 509; McCombs v. Foster, 64 Mo. App. 612; McPeak v. Railroad, 128 Mo. 617; Mallison v. The State, 6 Mo. 399. (2) The issue submitted by instructions given by the court of its own motion, were not presented by the pleadings, and for that reason should not have been given. Glass v. Gelvin, 80 Mo. 297. (3) The only evidence in the record on which instruction number one, as modified by the court, can be based, was not competent, and the instruction should not have been based on it. Weaver v. Hendrick, 30 Mo. 502; Sparr v. Wellman, 11 Mo. 231; Harding v. Wright, 119 Mo. 1. (4) In this case, the evidence that the car of potatoes put up in Clemons' hands was a security for repayment of money to Bottom, in the event of a shortage in the other car, was most cogent, and, in such a case, this court ought to reverse the judgment because the verdict was against the weight of the evidence. Garrett v. Greenwell, 92 Mo. 120; Empey v. Cable Co., 45 Mo. App. 422. (5) The judgment is inconsistent with the admissions of defendant's counsel, in open court, during the trial of the cause, and for that reason ought to be reversed. Holt v. Morton, 53 Mo. App. 187; Curtiss v. Driggs, 25 Mo. App. 175; Hartman v. Railroad, 48 Mo. App. 619.

*Geo. R. Thompson* for respondent.

Submitted printed argument.

BROADDUS, J.—This suit grows out of a contract wherein it is claimed the defendant agreed to deliver to plaintiff two carloads of potatoes. One of the carloads was deliv-

ered by the defendant to the plaintiff at Kansas City, Missouri, but, as plaintiff contended they were not of the quality agreed upon, he and the defendant entered into another agreement by which the potatoes were to be assorted and those that proved to be of the quality demanded by the plaintiff were to be taken by him at and for the price of sixty-five cents per bushel—and the remainder was to be disposed of to the best advantage. It was a part of this later agreement that the plaintiff was to pay a draft, accompanying the bill of lading of the potatoes, for $234.96, and the freight charges for the car of potatoes in the sum of $108.20, aggregating the sum of 343.16. After the car of potatoes had been sorted the plaintiff received of those so sorted three hundred and ninety-eight and five-twelfths bushels, making the price for the same $258.97; and there was remaining one hundred and seven and two-thirds bushels which were sold to one Dreyfus for $64.60, which left defendant indebted to the plaintiff on said transaction in the sum of $19.59.

There was evidence tending to show that the plaintiff had bought of defendant another carload of potatoes. It seems, however, that after the disagreement between the parties as to the quality of the potatoes hereinbefore referred to, the defendant failed to deliver to the plaintiff the other carload so sold. It was a part of the understanding when the dispute between the plaintiff and defendant, concerning the carload of potatoes first mentioned, was adjusted, that the second carload of potatoes were to be turned over to one Clemons, who was to sell them and hold the proceeds, and out of the same pay to plaintiff whatever defendant might be found indebted to him on account of said first carload of potatoes. Clemons sold the potatoes and now has the money realized from their sale in his possession. But before any money was paid by Clemons to plaintiff, he, the plaintiff, commenced a suit by

attachment against the defendant for damages on account of failure of defendant to deliver to him the carload of potatoes that Clemons got and for the $19.59 due him as aforesaid.

On the trial, the court very properly instructed the jury that their verdict should be for the defendant on the first count of plaintiff's petition, wherein he claimed $40 damages for failure of defendant to deliver the carload of potatoes which he had himself agreed should be turned over to said Clemons. The second count of plaintiff's petition was founded on the defendant's indebtedness to him for the $19.59, aforesaid. Under the instructions of the court the case on this count was submitted to a jury, which found a verdict for the defendant. The plaintiff appeals and assigns errors in the admission and rejection of evidence, in giving and refusing instructions and in making of improper remarks to the jury during the trial by the judge.

The real issue in the case was, whether there had been an accord and satisfaction of the $19.59 which the defendant was found to be indebted to plaintiff on the first carload of potatoes. This issue was fairly submitted to the jury by an appropriate instruction. The plaintiff's instruction was refused by the court because the same did not respond to the issue made as aforesaid. Both parties, during the trial, had substantially agreed that the dispute as to the first carload of potatoes had been adjusted, and the remarks of the judge, when attorneys would attempt to go over the evidence in reference thereto, were merely to call attention to the fact that that matter had been adjusted. If a trial judge is to be censured for matters of this kind, his office would be without dignity and power, and none "would be so poor as to do him reverence." The judge was strictly in the line of his duty in the matter complained of, and he is to be commended for a strict and faithful discharge thereof.

The testimony in the case was that Clemons was to take the car of potatoes, sell them and hold the money for plaintiff to indemnify him. And the defendant's testimony was that plaintiff was to release him and get the money out of the potatoes in the hands of Clemons; and that as he was away from home (he lived in Dakota) he did not want to be sued, and that plaintiff agreed not to sue him. The plaintiff brought this suit and attached the money in Clemons' hands; and he did this without notifying defendant of his intention of so doing. The ruling complained of, that the court refused to admit competent and admitted incompetent evidence, is not borne out by the record.

Cause affirmed. All concur.